UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                    ) Case No. 17-52483
                                          )
PACKARD SQUARE LLC,                       ) Chapter 11
                                          )
           Debtor.                        ) Hon. Thomas J. Tucker
_____/

CAN IV PACKARD SQUARE LLC, a
Delaware limited liability company,

           Plaintiff,
vs.

PACKARD SQUARE LLC, a Michigan            Adv. P. #
limited liability company,

           Defendant,
and

ALLIED BUILDING PRODUCTS CORP.,
an Ohio corporation, AMTHOR STEEL, a Pennsylvania
corporation, ASSEMBLERS PRECAST & STEEL
SERVICES, INC., a Michigan corporation, THE BELDEN
BRICK SALES CO., a Michigan corporation, C.E. GLEESON
CONSTRUCTORS, INC., a Michigan corporation,
CONSTRUCTION AHEAD, INC., an Illinois corporation,
D&V EXCAVATING, a Michigan corporation,
E.L. PAINTING CO., a Michigan corporation, E.L.S.
CONSTRUCTION, INC., a Michigan corporation,
EVERGREEN CIVIL, LLC, a Michigan corporation,
GAYLOR ELECTRIC, INC., a foreign corporation,
HARNISH FIREPROOFING, LLC, a Michigan
corporation, JACKIE'S TRANSPORTATION, INC., a
Michigan corporation, JERMOR PLUMBING & HEATING,
INC., a Michigan corporation, JSC CONSTRUCTION, INC.,
a Michigan corporation, MASONRY DEVELOPERS, INC.,
a Michigan corporation, QUANDEL CONSTRUCTION
GROUP, INC., a Pennsylvania corporation, R.A.M.
CONSTRUCTION SERVICES OF MICHIGAN, INC.,
a Michigan corporation, SHARON'S HEARING &
AIR CONDITIONING, INC., a Michigan corporation,
STETSON BUILDING PRODUCTS, an Iowa corporation,

SUMMIT BUILDING SERVICES, LLC, a Michigan
corporation, WELLING, INC., an Ohio corporation, ZEELAND
LUMBER AND SUPPLY CO., a Michigan corporation,
and John Does 1-100

　　　　　Additional Lien Claimant Defendants.
_____

## NOTICE OF REMOVAL

Defendant/Counter-Plaintiff/Lien Claimant Amthor Steel ("Amthor") in accordance with 28 U.S.C. §§ 1334(b), and 1452(a), hereby removes this action, which is currently pending in the Circuit Court for the County of Washtenaw, State of Michigan, Case No. 16-000990-CV to the United States District Court for the Eastern District of Michigan, Southern Division and states:

1.　　On or about December 27, 2016, Plaintiff filed an action in the Circuit Court for the County of Washtenaw, State of Michigan, entitled CAN IV Packard Square, LLC v. Packard Square, LLC, et al. (the "State Court Action").

2.　　The State Court Action was and is a Complaint for foreclosure, appointment of a receiver, and through various Amended Complaints, Counter-Complaints and Cross-Complaints also sought the determination of lien priority and for other relief.

3.　　On September 5, 2017, the Debtor, Packard Square ("Debtor") filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.

4.　　As a result of Debtor's bankruptcy filing, this Court has jurisdiction to hear the State Court Action under 28 U.S.C. §1334(a).

5.　　Under 28 U.S.C. §1452(a), Amthor, a party to the State Court Action, may remove the State Court Action to this Court.

6.　　The State Court Action is a core proceeding under 28 U.S.C. §157(b)(2).

7.　　Specifically, The State Court Action is core for the following reasons:

2

-9/12/17
17-04644-tjt　　Doc 1　　Filed 09/12/17　　Entered 09/12/17 16:37:53　　Page 2 of 4

A. The State Court Action concerns the appointment or maintenance of a receiver, making it core under 28 U.S.C. §157(b)(2)(A);

B. The State Court Action concerns the allowance or disallowance of claims against the estate, making it core under 28 U.S.C. §157(b)(2)(B);

C. The State Court Action involves loans to the receiver of the Debtor's property, making it core under 28 U.S.C. §157(b)(2)(D);

D. The State Court Action involves the entitlement to property of the estate, making it core under 28 U.S.C. §157(b)(2)(E);

E. The State Court Action involves the determination of the validity, extent, or priority of liens, making it core under 28 U.S.C. §157(b)(2)(K); and

F. The State Court Action involves the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship in many other ways, making it core under 28 U.S.C. §157(b)(2)(O).

8. Attached are copies of the pleadings and process filed in the case to date. Amthor has not attached all papers filed in the case, as they are voluminous, and largely relate to the ongoing receivership.

9. As required by Fed. R. Bankr. P. 9027, written notice of the filing of this Notice of Removal will be promptly served on all parties to this case, and a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Washtenaw County as soon as practicable.

10. Amthor consents to the entry of final orders or judgment by the Bankruptcy Court.

3

WHEREFORE, Amthor hereby removes the State Court Action from the Circuit Court for Washtenaw County and requests that the Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State court.

Respectfully submitted,

**BUTZEL LONG**

By: /s/ Max J. Newman
Max J. Newman
Stoneridge West
41000 Woodward Ave.
Bloomfield Hills, Michigan 48304
newman@butzel.com

(248) 258-2907

Dated: September 12, 2017